**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KENNETH E. BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )  2:08-cv-0240-WTL-WGH |
| | ) |
| H.J. MARBERRY, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Dismiss or for
Summary Judgment as to Defendant Roderick S. Cooper**

Having considered the pleadings, the motion to dismiss of defendant Roderick S. Cooper and the briefs and arguments of the parties pertaining to such motion, and being duly advised, the court finds that this defendant's motion to dismiss for lack of jurisdiction must be **granted**. The court reaches this conclusion based on the following facts and circumstances:

1. This is a *Bivens* action brought by Kenneth E. Barret, who is confined at the Federal Correctional Complex at Terre Haute, Indiana ("FCC"). *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Cooper is one of the defendants and is a dentist employed by the Public Health Service ("PHS"), Cooper assigned to the FCC.

2. Barrett suffers from various medical conditions and contends that Cooper, among others, violated his Eighth Amendment right to constitutionally adequate medical care. An Eighth Amendment claim based on inadequate medical care contains two elements: (1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

3. Apart from the factual nuances of what Dr. Cooper did or failed to do relative to delivery of adequate dental care to Barrett, it is undisputed that Dr. Cooper was acting within the scope of his employment. Cooper argues that he is entitled to immunity from suit based on 42 U.S.C. § 233(a). The Public Health Service Act provides that an action against the United States under the Federal Tort Claim Act ("FTCA") is the exclusive remedy

> for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.

42 U.S.C. § 233(a). Thus, Congress has expressly made the FTCA an inmate's sole remedy for injuries caused by PHS Officers acting within the scope of their employment.

*See Cuoco v. Moritsugu,* 222 F.3d 99, 107 (2d Cir. 2000); *Lewis v. Sauvey,* 708 F.Supp. 167, 169 (E.D.Mich.1989).

      4.      Cooper argues that his § 233(a) immunity is jurisdictional, but this is not the case. *Quinn v. Gates* 575 F.3d 651, 654-55 (7th Cir. 2009). Subject matter jurisdiction is the authority to resolve the parties' dispute. *Collins v. United States,* 564 F.3d 833 (7th Cir. 2009). "Sovereign immunity is not a jurisdictional doctrine." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009). So much less "jurisdictional" must statutory immunity be. *See, e.g., Reynolds v. United States,* 549 F.3d 1108, 1111-12 (7th Cir. 2008) ("'The statutory exceptions enumerated in [28 U.S.C.] § 2680(a)-(n) to the United States's waiver of sovereign immunity . . . limit the breadth of the Government's waiver of sovereign immunity, but they do not accomplish this task by withdrawing subject-matter jurisdiction from the federal courts.'")(quoting *Parrott v. United States,* 536 F.3d 629, 634 (7th Cir. 2008)).

      5.      Nonetheless, Cooper has joined other defendants in a motion for summary judgment, which must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

      6.      The pleadings and the evidentiary record relative to the motion for summary judgment establish, as to Cooper, that he was employed by the PHS at the FCC, that he is sued by Barrett for acts taken within the scope of his employment, that he is entitled to statutory immunity for such acts, and that this immunity defeats Barrett's entitlement to recover under a *Bivens* theory. The motion for summary judgment (dkt 35) is therefore **granted** as to defendant Cooper. A person in Barrett's situation is, through the operation of § 233(a), relegated to the FTCA as his exclusive means of recovery for the type of misconduct he attributes to Cooper.

      No partial final judgment shall issue at this time as to the claim resolved in this Entry.

      **IT IS SO ORDERED.**

Date: 03/23/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Kenneth E Barrett
#04342-063
Terre Haute - USP
P.O. Box 33
Terre Haute, IN 47808